IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan C. Dawkins, | ) | C/A No.: 8:24-cv-3435-DCC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Newberry County and Fairfield County, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Jonathan C. Dawkins ("Plaintiff"), proceeding pro se, filed this complaint presumably pursuant to 42 U.S.C. § 1983 against Newberry County and Fairfield County (collectively "Defendants"), alleging violations of his civil rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the complaint without prejudice and without leave for further amendment.

I.      Factual and Procedural Background

Plaintiff is a state prisoner incarcerated at Kershaw Correctional Institution. He wrote a letter to the court that the Clerk of Court construed as a complaint. [ECF No. 1]. He attached information to his letter about criminal charges against him that were ultimately dismissed and for which he was

found not guilty. *Id.* He indicated he was "trying to sue for wrongful incarceration" and "would like to get the max for each day I have done." *Id.* Among the attachments were docket sheets for Newberry County Case Nos. 2021-GS-36-00345 for possession with intent to distribute cocaine, 2021-GS-36-0044 for possession with intent to distribute marijuana, and 2021-GS-36-00346 for possession with attempt to distribute crack cocaine. [ECF No. 1-1 at 1–3]. All reflected "Not Guilty" verdicts on June 7, 2023. *Id.* Plaintiff also attached a docket sheet for Newberry County Case No. 2019-GS-36-00272 for murder with a notation of "N[olle] P[rosequi] with leave to re-indict." *Id.* at 4. In addition, he attached a docket sheet for Fairfield County Case No. 2007-GS-20-155 for murder with the following note dated February 22, 2018: "Nol Pros. Insufficient evidence." *Id.* at 5.

On June 20, 2024, the court issued a proper form order advising Plaintiff that his filing did not meet the pleading requirements in Fed. R. Civ. P. 8(a) because he had not indicated the grounds for the court's jurisdiction, explained how the facts he asserted entitled him to relief, or specified the type of relief he sought. [ECF No. 5 at 1–2]. It further noted Plaintiff had neither paid a filing fee nor filed a motion to proceed in forma pauperis and had not included documents required for service of process. *Id.* at 2–3. The order directed Plaintiff to complete, sign, and return the standard complaint form, pay the $405 filing fee or complete the application to proceed in district court without

prepayment of fees, fully complete a summons, and complete and sign Forms USM-285 for each defendant by July 9, 2024. *Id.* at 3–4.

On July 8, 2024, Plaintiff filed a letter requesting the court appoint counsel to assist him in completing the documents included with the proper form order. [ECF No. 7]. The court interpreted Plaintiff's letter as a motion for appointment of counsel and denied it, noting that although Plaintiff stated he "d[id not] not know how to do t[he] paperwork," the paperwork was not complicated and the proper form order provided explicit instructions for its completion. [ECF No. 9 at 3]. The order further recognized: "Plaintiff did not describe having taken any efforts to complete the paperwork or allege that he suffers from any impairment that inhibits his ability to provide the requested information." *Id.* The undersigned subsequently issued a second proper form order permitting Plaintiff one additional opportunity to bring his case into proper form by August 7, 2024. [ECF No. 10].

A review of the docket reveals that Plaintiff has not paid a filing fee, filed a motion to proceed in forma pauperis, filed an amended complaint, or provided documents required for service of process. It further indicates that no mail sent to Plaintiff's address of record has been returned to the court. Thus, it appears Plaintiff received and failed to respond to the court's prior orders.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack

of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to respond to the court's June 20 and July 17, 2024 orders, the undersigned concludes he does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41.

IT IS SO RECOMMENDED.

August 13, 2024
Columbia, South Carolina

*Shiva V. Hodges*
Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).