IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jonathan C. Dawkins, | ) | Case No. 8:24-cv-03435-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Newberry County and Fairfield County, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's pro se Complaint.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").  On August 13, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  ECF No. 13.  The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff filed objections.  ECF No. 17.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Court begins with the procedural history of this case. Plaintiff filed a letter, which the Court construed as a complaint. ECF No. 1. The Magistrate Judge directed Plaintiff to file necessary documents to bring this case into proper form for further evaluation. ECF No. 5. Plaintiff responded by filing a motion for appointment of counsel, which the Magistrate Judge denied. ECF Nos. 7, 9. The Magistrate Judge also issued a second proper form order giving Plaintiff additional time to comply. ECF No. 10. Plaintiff did not respond to the second proper form order. Thereafter, the Magistrate Judge issued the Report recommending that this action be dismissed without prejudice for failure to prosecute this action based upon Plaintiff's failure to comply with the proper form orders. ECF No. 13.

In his objections, Plaintiff questions how this case can be dismissed if it is not in proper form. He reiterates that he does not know what to do and states that "someone told [him] if [he] wrote [to the Court, he] could get help. This doesn't seem like help." ECF No. 17 at 1. He objects to the dismissal of this action and requests appointment of counsel.

As to his objection to this action being dismissed when it is not in proper form, this statement overlooks the fact that this case has not been brought into proper form due to the inaction of Plaintiff.  It is his responsibility to bring this case into proper form for further evaluation.  His failure to do so cannot indefinitely stall resolution of this case.  With respect to his assertion that he believed the Court would help him, this Court is not an investigative body and cannot provide legal advice.  *Sturgis v. Richmond Cnty. Sheriff's Off.*, 2007 WL 842015, at *3 (S.D. Ga. Mar. 16, 2007) ("[T]he Court's function in a § 1983 action is to rule on whether the named Defendants violated Plaintiff's statutory and constitutional rights, not to investigate Plaintiff's criminal or civil case."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (holding that District Courts "have no obligation to act as counsel or paralegal" to pro se litigants).  Accordingly, these objections are overruled.

The Court now turns to Plaintiff's request for appointment of counsel.  There is no constitutional right to counsel in a civil case. While the court has discretion to request appointment of counsel for an indigent in a civil action, such appointment "should be allowed only in exceptional cases." 28 U.S.C. 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1975); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  A finding of exceptional circumstances turns on the type and complexity of the case, and the abilities of the individual bringing it. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by*, *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). If it is apparent that a *pro se* litigant "has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Whisenant*, 739 F.2d at 163. Recently, in a § 1983 action, the Fourth Circuit explained that a district court must

conduct a fact specific inquiry in analyzing whether a case presents exceptional circumstances: (1) whether the plaintiff has a colorable claim, and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff "lacks the capacity to present it." *Jenkins v. Woodard*, No. 22-6197, 2024 WL 3490967, at *4 (4th Cir. July 31, 2024). The Fourth Circuit made clear that a district court's failure to assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities" is legal error . *Id.* Here, Plaintiff may present a colorable claim; however, there is no indication that it is objectively complex or that Plaintiff lacks the ability to bring this action into proper form.  It does not appear that Plaintiff has attempted to comply with the Court's orders, which the Magistrate Judge noted are not complicated and contain clear instructions.  There is no indication that Plaintiff lacks the capacity to present his claim.  Indeed, in the correspondence received by the Court, Plaintiff clearly communicates his thoughts.  Accordingly, the motion for appointment of counsel is denied.

After de novo consideration of the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge that this case is subject to dismissal.  However, while the Magistrate Judge recommends dismissal for failure to prosecute, the Court believes, given Plaintiff's objection to the dismissal of this action, that dismissal for failure to comply with the Court's

orders is more appropriate.[1]  *See Edwards v. Kendell*, No. 2:22-CV-01721-TMC, 2023 WL 3267995, at *1 (D.S.C. May 5, 2023) ("It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court.").  Accordingly, this action is dismissed without prejudice and without issuance of service of process pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 11, 2024
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] In making this ruling, the Court specifically notes that Plaintiff has already been given two opportunities to bring this case into proper form and he still has not made any effort nor indicated any willingness to comply with the Court's orders.